**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**ANGIE MORGAN**                                                                       **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 2:10cv93KS-MTP**

**JOHN E. POTTER, POSTMASTER GENERAL**
**UNITED STATES POSTAL SERVICE**                                      **DEFENDANT**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motions to Dismiss or Alternatively for

Summary Judgment **[#s 9 & 11]** filed on behalf of the defendant.  The court, having

reviewed the motions, the response, the briefs of counsel, the authorities cited, the

pleadings and exhibits on file and being otherwise fully advised in the premises finds

that the motion to dismiss is well taken and should be granted.  The court specifically

finds as follows:


**FACTUAL BACKGROUND**

The plaintiff, Angie Morgan, was an employed by the United States Postal

Service from approximately March 13, 1999 until March 7, 2008, as a rural mail carrier.

On July 15, 2006, Morgan alleges that she was involved in an at fault near fatal car

accident while delivering mail.  In the accident, Morgan alleges that she sustained a

closed head injury that left her with permanent brain damage which caused her to

experience mental impairments including the loss of the ability to recall, concentrate or

reliably accept responsibility.  She alleges that this injury made it extremely difficult for

her to handle her own affairs.

Morgan was removed from her position effective March 7, 2008, as a result of numerous disciplinary actions according to the defendant.  The first Letter of Warning was sent to Morgan on June 23, 2003, for tardiness on five separate occasions.  She was sent another Letter of Warning on May 19, 2006, for failure to follow instructions by continually not returning to her assigned office at a required time.  On September 13, 2006, the defendant sent a letter to Morgan ordering her to return to work by September 15, 2006, or face termination.  Morgan alleges that this letter was sent without giving her time to consult with a physician regarding whether she was capable of pursuing the position or identifying the job tasks of the position, both in violation of 20 C.F.R. § 10.507.  However, Morgan returned to work on September 15 and alleges that she attempted to get the defendant to make an appropriate accommodation for her alleged disability.  The defendant asserts that Morgan was accommodated by allowing her to work out of the Meridian office or to accept a position in the Memphis area.

Morgan began to miss work in early 2007 and was sent a Notification of Absence and Return to Duty Memorandum on August 23, 2007, informing her that she had been absent since May of 2007 without submitting any acceptable medical documentation to excuse her absence.  This was followed by a Letter of Warning on September 13, 2007 regarding her absenteeism.  On October 4, 2007, she was mailed notice of a seven day suspension (no time off).  On October 30, 2007, she was mailed notice of a fourteen day suspension (no time off).  Finally, Morgan was sent a final Notice of Removal on March 5, 2008, to be effective March 7, 2008.

The warning letters and notices sent to Morgan (some by certified mail)

continually requested an update on Morgan's medical condition and included a statement to be completed by her attending physician to document her medical condition. However, it appears that Morgan did not respond to any of these warnings nor did she return the physician's statement or any other documentation of her alleged medical problems.

Morgan prematurely filed an appeal of her removal with the Merit Systems Protection Board ("MSPB") on February 12, 2008. In her appeal, Morgan alleged that her removal was an act of disability discrimination by the defendant. Even though the appeal was filed prematurely, i.e., before her actual termination date, the MSPB took the case up. In an order issued on April 16, 2008, Administrative Judge Pamela B. Jackson ruled that the Merit Systems Protection Board did not have jurisdiction over Morgan's appeal.

The Administrative Judge first found a lack of jurisdiction over Morgan's restoration claim because she had in fact been restored, i.e., accommodated. The Judge concluded that Morgan may have had a problem with the specific relief granted in the way of restoration but that such was not an appealable claim to the MSPB under the appropriate regulations. *See* 5 C.F.R. § 7701(a), and 5 C.F.R. § 1201.56(a)(2). As to Morgan's removal claim, the Judge found that Morgan was not a preference eligible employee under 5 U.S.C. § 7511 nor within the purview of the Postal Employees Appeal Rights Act, 39 U.S.C §1005(a).

After concluding that the MSPB did not have jurisdiction over her underlying claims, the Administrative Judge held that the MSPB could not entertain jurisdiction over Morgan's disability discrimination claims, citing *Langster v. Social Security*

*Administration*, 2 M.S.P.R. 32 (1980).  After the Administrative Judge's Initial Decision, Morgan petitioned for review by the full Merit Systems Protection Board.  On September 30, 2008, the Board issued a Final Order affirming the Administrative Judge.  The Final Order contained a "Notice to the Appellant Regarding Your Further Review Rights", which advised that the next step in the MSPB appeals process was to the United States Court of Appeals for the Federal Circuit.  Instead of following that procedure, Morgan filed an action in this court on October 28, 2008.

On a Motion to Dismiss filed by the defendant, this court held that the it was not the proper venue for Morgan to appeal the claim to because she had never initiated contact with the EEO and the EEOC.  Furthermore, this court held that it did not have jurisdiction over Morgan's appeal from the MSPB because the MSPB's decision never reached the merits and was not final regarding the discrimination claim.  Therefore, this court granted Potter's Motion to Dismiss.

On January 19, 2010, almost two-years after her dismissal for failure to abide by agency policy, Morgan finally filed a formal complaint with the EEO alleging disability discrimination.  However, the EEO complaint was dismissed on February 4, 2010, for failure to state a claim and for failure to comply with the applicable time limits contained in 29 C.F.R. § 1614.105.  The Dismissal of Formal EEO Complaint advised Morgan that she had the right to appeal its decision to the EEOC within 30 days, or to file an appropriate action in U.S. District Court within 90 days.  In response to this, Morgan filed the current action before this court on May 3, 2010, seeking civil remedies, the right to litigate restoration claims that have never been reviewed by the Federal Circuit Court, and litigation of disability discrimination claims that were never timely initiated with the

EEO.

The defendant has moved to dismiss alleging a lack of subject matter jurisdiction due to its assertion that Morgan has failed to exhaust her administrative remedies in various forums.   Potter has moved for summary judgment in the alternative on the merits of Morgan's claims.

## STANDARD OF REVIEW

A Rule 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the pendency of the litigation that is asserted or even indeed upon its own motion.  *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981).  It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts.

However, Morgan has asserted that failure to exhaust is not a jurisdictional issue and that the court is obligated to consider the matter under the standard of Rule 12(b)(6).  *See Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000) and *Davis v. Potter*, 301 F. Supp.2d 850, 855 (N.D. Ill. 2004).   That rule provides that dismissal is appropriate if a party fails to state a claim upon which relief can be granted.  The allegations of the complaint must be accepted as true when the court considers whether the plaintiff has stated a cause of action.  *See Cramer v. Skinner*, 931 F. 2d 1020 (5th Cir. 1991)(*cert. denied*, 60 U.S.L.W. 3057, 112 S. Ct. 298, 116 L. Ed. 2d 242 (1991)). Only the complaint and allegations contained therein are to be considered in reaching a

decision on a defendant's Rule 12(b)(6) motion to dismiss.

The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claims which would entitle him or her to relief.  While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted).


## ANALYSIS

Morgan has brought this action pursuant to The Rehabilitation Act, 29 U.S.C. §791, *et seq*.  The defendant asserts that Morgan's  lawsuit is subject to dismissal, in its entirety, for failure to exhaust administrative remedies.  As a federal employee, Morgan was required to initiate contact with an EEO counselor within forty-five days of the date of the alleged discriminatory act.  *See* 29 C.F.R. § 1614.105(a)(1); *Hampton v. I.R.S.*, 913 F.2d 180, 181 (5th Cir. 1990).  "The 45 day limitation period begins to run from the time the discriminatory event or personnel action occurs, not when the plaintiff discovers or can prove that a discriminatory intent motivated the action."  *Austin v. Potter*, 2009 WL 259613, at *4 (citing *Pacheco v. Rice*, 966 F.2d 904, 906 (5th  Cir. 1992)).  Failure to make a claim within the 45 day period "bar[s] subsequent review of the claim in federal court, absent waiver, estoppel or equitable tolling and it is the employee's burden to establish these exceptions."  *Id*.  In addition, "employer action such as continuing to list

-6-

a postal employee as AWOL [absent without official leave] is not a 'continuing

violation.'" *Id.* (citing *Henrickson v. Potter*, 327 F.3d 444, 448 (5th Cir. 2003)).

Morgan admits that 29 C.F.R. § 1614.105(a)(1) sets a 45 day reporting

requirement to the defendant's EEO counselor of any alleged discrimination based upon

disability.  However, Morgan asserts, as previously noted by this court in footnote 1 of

its September 30, 2009 decision to dismiss Morgan's claims against the same

defendant without prejudice, this period must be extended under certain circumstances

found in 29 C.F.R. § 1614.105(a)(2).   She then cites *Briggs v. United States Postal*

*Service*, 34 F.Supp. 2d 785, 788 (D. Conn. 1999), wherein the court held that since the

agency failed to refer an employee to an EEO counselor, or inform her of the 45 day

counseling requirement, the court could not dismiss the plaintiff's complaint on the basis

of failing to timely report discrimination to the employer's EEO counselor.

However, the "Notice of Removal" that was provided to Morgan in early March of

2008 shows that the Notice informs Morgan that her remedy as to the removal was to

file a grievance under the Grievance/Arbitration procedures set forth in Article 15 of the

National Agreement.  In regard to this Notice, Morgan contends that she was not

informed of the specific name or contact information of any EEO counselor or that she

had to contact any such counselor within 45 days of her receipt of the removal notice.

However, Morgan's EEO complaint was dismissed for failure to state a claim and

for failure to comply with the applicable time limits of section 1614.105.  The EEO found

specifically that Morgan:

> never requested counseling until October 13, 2009, approximately 279
> days after the incident claimed . . . and well beyond 45 days after the
> alleged discriminatory actions took place on January 7, 2009, pertaining to

management making false statements at the Department of Labor, Office of Workers' Compensation [] hearing; approximately 3 years after the incident on October 13, 2006, pertaining to management making a post injury job offer . . . that [plaintiff] did not comply with . . .; more than a year after to [sic] the incident on January 28, 2008, pertaining to [plaintiff's] termination; more than 2 years after the incidents on September 13, 2007; October 4, 2007; October 16, 2007; and October 30, 2007, pertaining to the issuance of disciplinary actions; and more than a year after the incident on January 25, 2008, pertaining to management's refusal to accept and process your CA-7.

In the words of the EEO, Morgan "simply cannot wait until the expiration of the 45 day time limit to lodge [her] laundry list of allegations when [plaintiff] never initiated contact with an EEO Counselor."  This court agrees with that finding.  "The EEOC charging period is triggered when a discrete unlawful practice takes place.  A new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects . . . ." *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 627 (2007)(citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).  Moreover, an EEO complaint must be lodged within 45 days of the "precise unlawful employment practice of which [plaintiff] complains."  *See Currier v. Radio Free Europe/Radio Liberty*, 159 F.3d 1363 (C.A.D.C. 1998).

It is unclear precisely what event Morgan is alleging to be discriminatory, however, it appears that she is contending that her termination as of March 7, 2008 was the "triggering" act.  But Potter argues that Morgan's termination cannot be considered the "triggering" act because it was a subsequent, nondiscriminatory act that resulted from Morgan's repeated employment violations.  The court concurs that Morgan's termination undoubtedly came about after repeated attempts seeking her return to her

postal assignment dating back to at least September 2007.  The Supreme Court has held that the limitation period is "triggered" at the time of the alleged discriminatory act, not the time when the consequences of the act become the most painful.  *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980).

Morgan argues for equitable tolling of the applicable limitations periods and asserts that there is at least a question of fact pertaining to whether her contact with the EEO counselor on October 13, 2009, is timely.  In addition, she contends that the Fifth Circuit has recognized that the pendency of a suit between the same parties in the wrong forum as a basis for tolling the requirement of filing of an EEO complaint. *Blumberg v. HCA Management Co., Inc.*, 848 F.2d 642, 644 (5th Cir. 1988).  Morgan goes on to assert that when this court dismissed that action, without prejudice, on September 30, 2009, she sought EEO counseling On October 13, 2009 pursuant to 29 C.F.R. § 1614.105(a)(1), and filed her Notice of Right to File Individual Complaint of Discrimination on January 19, 2010.  On February 4, 2010, Morgan was mailed her Right to File a Civil Action in this court by the defendant.  Thus, Morgan argues that her time to seek EEO counseling should be equitably tolled because she sought enforcement of her rights under the ADA in what this court held was the wrong forums, i.e.,  the MSPB and this court, before requesting EEO counseling with the defendant.

However, the doctrine of equitable tolling is unavailable to a plaintiff who is represented by counsel, because the plaintiff has access to a means of acquiring knowledge of her rights and responsibilities.  *See Edwards v. Kaiser Aluminum & Chem. Sales, Inc.*, 515 F.2d 1195, 1200 n.8 (5th Cir. 1975).  In this action, Morgan has been represented by counsel at least throughout 2008 and continuing to the present.

Morgan is also unable to provide any other reason for failing to timely exhaust her administrative remedies.  In fact, the EEO found that an EEO poster was on display at Morgan's work location in an area that was both accessible and visible to all employees.  According to the EEO, "all employees are responsible for making themselves aware of all the information on the bulletin boards that may pertain to them." The EEO also found that Morgan was "aware of the time limits for contacting an EEO Counselor and [was] not otherwise prevented by circumstances beyond [Morgan's] control from becoming aware of the alleged discriminatory incidents within the prescribed time limits."  This court agrees with that assessment.

Moreover, 5 U.S.C. § 7702(f) cannot be used as a savings provision in this case because the MSPB held that it did not have jurisdiction over Morgan's claims and that the claim was not a "mixed case."  Section 7702(f) states, "If any case in which an employee is required to file any action, appeal, or petition under this section and the employee timely files the action . . . the employee shall be treated as having timely filed . . . as of the date it is filed with the proper agency."  5 U.S.C. § 7702(f) (1979).  Morgan was never required, or permitted, to file her claim under § 7702 because her claim was not a mixed case, and jurisdiction before the MSPB was found to be improper by both the Administrative Judge and the full board itself.  Because jurisdiction was never proper before the MSPB, § 7702(f) cannot operate to toll the 45 day filing requirement.

Morgan also cannot toll the 45 day period filing requirement by arguing that any of her grievance/arbitration filings with OWCP should somehow "excuse" her not contacting an EEO Counselor.  The Supreme Court in *Delaware State College v. Ricks* clearly established that an employee's use of an employer's internal grievance

procedure does not toll a statute of limitations. *Ricks*, 449 U.S. at 261. Therefore, even under the most liberal interpretation of the 45 day filing requirement permissible, Morgan would still not be able to establish that she timely exhausted her administrative remedies. Accordingly, her claims should be dismissed with prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motions to Dismiss **[#s 9 & 11]** are Granted and Morgan's Complaint is dismissed with prejudice and that all other pending motions are denied as moot. A separate judgment shall be entered herein in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 14th day of December, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE